**Karen LaMANTIA, Plaintiff— Appellant,**

v.

**HEWLETT–PACKARD COMPANY EMPLOYEE BENEFITS ORGANIZATION INCOME PROTECTION PLAN, Defendant—Appellee.**

No. 05–16744.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2006.

Filed Sept. 14, 2006.

Peter J. Stubbs, Esq., Sacramento, CA, Richard J. Chiurazzi, Law Office of Richard J. Chiurazzi, Elk Grove, CA, for Plaintiff–Appellant.

Susan B. Burr, Esq., Gibson Dunn & Crutcher, LLP, Palo Alto, CA, for Defendant–Appellee.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

Karen LaMantia ("LaMantia") appeals the district court's summary judgment for the defendant. Under the relevant disability-benefits plan ("the Plan"), an independent claims administrator, Voluntary Plan Administrator ("VPA"), determines whether a claimant qualifies for benefits. LaMantia seeks review of VPA's denial of her petition for long-term benefits, asserting that this denial was an abuse of the VPA's discretion.

*Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir.2006), filed the day before argument in this appeal, fundamentally changed how we review administrator determinations under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461. *Abatie* states that abuse-of-discretion review is merited, in almost all cases, when the plan confers sufficient discretion to the plan administrator. 458 F.3d at 962–63. This court has held that the Plan sufficiently vests such discretion. *LaMantia v. Voluntary Plan Adm'rs, Inc.*, 401 F.3d 1114, 1123 (9th Cir.2005). But *Abatie* also changed how courts are to apply the abuse-of-discretion standard, including (1) eliminating the need for plaintiffs to produce evidence of a serious conflict, *id.* at 967; (2) allowing courts to "tailor the review" after weighing "all the facts and circumstances" that might indicate a conflict of interest, *id.* at 968, 969; and (3) allowing the court to weigh facts and circumstances outside of the administrative record, *id.* at 970–71. Because *Abatie* creates such a significant shift in analysis and because of the district court's ability to conduct fact finding beyond the administrative record, the district court should apply *Abatie* in the first instance.

Remanded to the district court for proceedings consistent with this disposition.

**REMANDED.**[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This appeal was heard at the same time and before the same panel as *Carter v. Hewlett Packard Co.*, 201 Fed.Appx. 526, 2006 WL 2639449 (9th Cir.2006), and *Wright v. Hewlett–Packard Co. Employee Benefits Organiza-* tion *Income Protection Plan,* 201 Fed.Appx. 504, 2006 WL 2638313 (9th Cir.2006). All three appeals have been remanded to district court for application of *Abatie*.

