**Kathy WRIGHT, Plaintiff—Appellee,**

v.

**HEWLETT–PACKARD COMPANY EMPLOYEE BENEFITS ORGANIZATION INCOME PROTECTION PLAN; Hewlett–Packard Co.; VPA Incorporated, Defendants—Appellants.**

No. 04–16754.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2006.

Filed Sept. 14, 2006.

John F. Mounier, Esq., Sausalito, CA, for Plaintiff–Appellee.

Susan B. Burr, Esq., Christine R. Chobot, Esq., Gibson Dunn & Crutcher, LLP, Palo Alto, CA, for Defendants–Appellants.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

The Hewlett–Packard Company Employee Benefits Organization Income Protection Plan appeals the district court's summary judgment for the plaintiff, Kathy Wright ("Wright"). Under the relevant disability-benefits plan ("the Plan"), an independent claims administrator, Voluntary Plan Administrator ("VPA"), determines whether a claimant qualifies for benefits. The district court held that Wright's organic brain syndrome fit an exception to the Plan's limitations regarding mental illnesses and that VPA ignored the condition and evidence that the condition fits the Plan's limitation exception, thereby abusing its discretion.

We hold that VPA misconstrued the exception to the exclusion. The phrase "other organic, degenerative, progressive diseases as determined by the Claims Administrator" means that any disease VPA determined, or should have determined, to be "organic, degenerative, and progressive" fits the defined exception. If this is the only basis for finding that VPA abused its discretion, the case should be remanded to the administrator to apply the correct definition of the exception. *See Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability In-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*come Plan,* 85 F.3d 455, 460–61 (9th Cir. 1996).

*Abatie v. Alta Health & Life Insurance Co.,* 458 F.3d 955 (9th Cir.2006), filed the day before argument in this matter, fundamentally changed how we review administrator determinations under the Employee Retirement Security Act, 29 U.S.C. §§ 1001–1461. Under *Abatie,* abuse-of-discretion review is merited, in almost all cases, when the plan confers sufficient discretion to the plan administrator. 458 F.3d at 963–67. This court has held that the Plan sufficiently vests such discretion. *Lamantia v. Voluntary Plan Adm'rs, Inc.,* 401 F.3d 1114, 1123 (9th Cir.2005). But *Abatie* also changed how courts are to apply the abuse-of-discretion standard, including (1) eliminating the need for plaintiffs to produce evidence of a serious conflict, *id.* at 964; (2) allowing courts to "tailor the review" after weighing "all the facts and circumstances" that might indicate a conflict of interest, *id.* at 964, 968; and (3) allowing the court to weigh facts and circumstances outside of the administrative record, *id.* at 965. Because *Abatie* creates such a significant shift in analysis and because of the district court's ability to conduct fact finding beyond the administrative record, the district court should apply *Abatie* in the first instance.

We remand to the district court for proceedings consistent with this disposition.

**REMANDED.**[1]

---

[1] This appeal was heard at the same time and before the same panel as *Carter v. Hewlett Packard Co.,* No. 05–16231, 201 Fed.Appx. 526, 2006 WL 2639449 (9th Cir.2006) and *Lamantia v. Hewlett–Packard Co. Employee Benefits Organization Income Protection Plan,* No. 05–16744, 201 Fed.Appx. 485, 2006 WL 2634697 (9th Cir.2006). All three appeals have been remanded to district court for application of *Abatie.*

