Karen LAMANTIA, Plaintiff—
Appellant,

v.

HEWLETT–PACKARD COMPANY EMPLOYEE BENEFITS ORGANIZATION INCOME PROTECTION PLAN, Defendant—Appellee.

No. 07–15400.

United States Court of Appeals,
Ninth Circuit.

Submitted May 28, 2008.[*]

Filed June 2, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter J. Stubbs, Esq., Sacramento, CA, for Plaintiff–Appellant.

Joseph P. Busch, III, Esq., Gibson Dunn & Crutcher, LLP, Palo Alto, CA, for Defendant–Appellee.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM **

This is the third time we address the issues in this ERISA disability case. We first held that the district court should have applied abuse of discretion review rather than de novo review because the plan gave Voluntary Plan Administrators ("VPA") "the discretionary power to construe the language of the Plan" and there was good faith communication between the claims administrator and Plaintiff–Appellant Karen LaMantia. *LaMantia v. Voluntary Plan Administrators*, 401 F.3d 1114, 1123 (9th Cir.2005) (*"LaMantia I "*). On the second appeal, we remanded this case for the district court to reconsider its decision in light of an intervening *en banc* decision, *Abatie v. Alta Health & Life*

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Insurance Co.,* 458 F.3d 955, 971 (9th Cir. 2006). *LaMantia v. Hewlett–Packard Co.,* 201 Fed.Appx. 485, 486 (9th Cir.2006). LaMantia now appeals the adverse grant of summary judgment denying her ERISA benefits, arguing (1) the panel should apply de novo review; (2) VPA abused its discretion in denying her petition for long-term benefits; and (3) the district court erred in failing to consider medical reports outside of the administrative record.

■ The district court correctly found no procedural irregularities apparent in the record that would warrant a less deferential standard of review under *Abatie.* LaMantia's assertion that VPA's final denial of her claim was inconsistent with its initial denial is not born out by the record: In its initial denial, VPA stated, "there is no supporting data to indicate your subjective symptoms are a result of an organic impairment [of Fibromyalgia]." The final denial stated that there was no evidence that "Ms. LaMantia's functional ability was limited to the point of precluding performance of sedentary or light work based on chronic bronchitis and fibromyalgia...."

Both the initial denial and final denial recognized treatment for depression and chronic fatigue syndrome, which are not covered conditions under the Plan. The only difference between the two denials is that the latter denial acknowledges symptoms of Epstein Barr Virus ("EBV"), which the Plan does not cover. As the district court properly concluded, "[t]he conclusion of both findings were essentially the same: there was insufficient evidence that plaintiff suffered from Fibromyalgia."

Nor is there evidence of "doctor shopping"; the medical reports simply reflect a resolution of conflicting diagnoses. The weighing of conflicting expert testimony is appropriate. *See Black & Decker Disabil. Plan v. Nord,* 538 U.S. 822, 831–34, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003); *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 878 (9th Cir. 2004). Although VPA requested additional documentation from some of LaMantia's treating physicians and not others, LaMantia bore the burden of producing all of the evidence she wanted VPA to review.

LaMantia argues that Hewlett–Packard has control over VPA because it has the right to override or veto any benefit or eligibility decision made by VPA, and because Hewlett–Packard may require VPA to review claims in accordance with its own interpretation. However, these are factors related to whether or not there exists a structural conflict, which in *LaMantia I* we already determined did not exist, and there is no evidence that these factors had any impact on this particular case. A less deferential standard of review is not warranted under *Abatie.*

■ The VPA did not abuse its discretion in determining that LaMantia was not totally disabled and denying her petition for long-term benefits. While conflicting evidence exists, the VPA's assertion that LaMantia has EBV and chronic fatigue syndrome is supported by medical evidence, such as Dr. Herman's and Dr. Argesti's reports. Dr. Argesti's report that LaMantia was disabled due to chronic bronchitis, fibromyalgia, and immune deficiency syndrome does not include a statement of how these conditions interfere with LaMantia's work, and it was within VPA's discretion to conclude that LaMantia was physically able to perform some occupations for which she was qualified. Plan administrators do have the discretion to choose between conflicting diagnoses. *See Jordan,* 370 F.3d at 878.

■ LaMantia argues that the district court erred in failing to consider doctors' reports outside the administrative record. The reports were written after August 24, 2001, the date the VPA issued its decision denying LaMantia's claim. These reports

do not fall into any of the narrow exceptions pursuant to which the reports could be considered. The reports were not excluded due to any procedural error, *Abatie*, 458 F.3d at 973, because they did not exist at the time of the administrative determination. Nor do the reports provide any evidence of conflict necessary to determine "how much weight to give a conflict of interest under the abuse of discretion standard." *Id.* at 970. We do not engage in a de novo review that would permit admission of the reports. *Id.* LaMantia's remedy, if any, is to reapply for benefits based on this new medical evidence.

**AFFIRMED.**